# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| TAYJHA ALFRED | CIVIL DOCKET NO. 6:24-CV-00274 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| BO DUHE, ET AL. | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM ORDER

Before the Court are two pending matters filed by Defendant Bofill "Bo" Duhe, in his official capacity as District Attorney for the 16th Judicial District Court for the Parish of Iberia ("Defendant")[1]: (i) Appeal of Magistrate Judge Ruling [Doc. 106] (the "Appeal")[2]; and (ii) Motion to Strike Proposed Order [Doc. 128].  In his Appeal, Defendant requests that this Court set aside the Magistrate Judge's July 31, 2025, Memorandum Ruling [Doc. 101] and Orders issued pursuant thereto, including [Docs. 100 & 102], which require Defendant to supplement certain discovery responses relating to Plaintiff Tayjha Alfred's ("Plaintiff") *Monell* claim.  Plaintiff opposes the

---

[1] "Louisiana law does not permit a district attorney's office to be sued in its own name." *Armstrong v. Ashley*, 60 F.4th 262, 268 (5th Cir. 2023), *citing Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999).  Thus, when attempting to sue a Louisiana DA's office under *Monell*, the current DA, rather than the office, is the proper defendant. *Id.*  Any former DA's actions at the time of a petitioner's prosecution are imputed to the current DA for purposes of *Monell*.

DA Duhe died on March 15, 2025.  The Interim DA for the 16th Judicial District is Morris Michael Haik III.

[2] The Appeal is styled as "Objections Filed on Behalf of M. Bofill "Bo" Duhe, in his Official Capacity as District Attorney for the 16th Judicial District, State of Louisiana, to Report and Recommendation of Magistrate Judge Carol B. Whitehurst (Rec. Doc. 101)."

Appeal, [Doc. 124], and the Motion to Strike [Doc. 130], and Defendant filed a reply to both of the Plaintiff's responses. [Doc. 125]; [Doc. 131].

On September 2, 2025, the Court conducted oral argument on Defendant's related Motion to Stay the Magistrate Judge's deadlines imposed in connection with her discovery rulings, [Doc. 108], and in the context of that motion, allowed counsel to make abbreviated arguments about some of the discovery disputes that are the subject of the instant Appeal. At the conclusion of the conference, the Court ordered the parties to file supplemental briefing in connection with the Appeal. Those briefs are now before the Court. [Docs. 126 & 127]. In his Motion to Strike, Defendant asks this Court to strike the Proposed Order Plaintiff filed in connection with her supplemental brief. [Doc. 126-1].

For the following reasons, the July 31, 2025, Ruling of the Magistrate Judge [Doc. 101] is AFFIRMED, and the Motion to Strike [Doc. 128] is DENIED AS MOOT.

1. **Legal Standard**

Magistrate judges are granted broad discretion to resolve non-dispositive issues and their rulings on these issues should be modified only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (a district court shall "apply a 'clearly erroneous' standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion"). Here, Defendant challenges the Magistrate Judge's July 31, 2025, Ruling as to the scope of discovery, which, generally, "is broad and permits the discovery of any nonprivileged matter that is relevant to any party's claim or

defense." *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011), *citing* Rule 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Id.* Importantly, as the Magistrate Judge noted, there is a dearth of jurisprudence in this circuit that relates to discovery limitations vis-à-vis Section 1983 claims, including *Monell* claims, however "district courts in other circuits, routinely recognize that 'broad and substantial' discovery is often required that is otherwise not involved if a plaintiff sued only the individuals directly in the deprivation of her rights." *Brown v. City of Alexandria*, 2022 WL 951407, at *4 (W.D. La. Mar. 29, 2022), *citing Maurer v. St. Tammany Par. Sch. Bd.*, 2020 WL 12801030, at *2 (E.D. La. Jun. 26, 2020) (citing cases). Central to this tenet is that *Monell* plaintiffs bear a heavy burden in establishing municipal culpability and causation. *Piotrowski v. City of Houston*, 237 F.3d 567, 583 (5th Cir. 2001).

**2.     Relevance of Requested Discovery**

As articulated in the supplemental briefs filed by the parties, the Plaintiff seeks complete responses and additional discovery in the following six categories: (i) decisions to seek material witness warrants, including for the Plaintiff; (ii) Defendant's treatment of material witnesses, including the Plaintiff, after warrants were issued; (iii) policies relating to material witnesses; (iv) Bo Duhe's involvement in securing material witnesses for trial; (v) Defendant's Answer and Initial Disclosures; and (vi) identities of individuals with relevant information. [Doc. 126]. On appeal, Defendant argues, *inter alia*, either that he has fully responded to all

requests in these categories, or that responses have not been provided because the requested discovery is not relevant.

Further compounding the parties' inability to agree on the relevance of the requested discovery is their disagreement as to the interpretation of the following language in the Court's October 18, 2024, Ruling:

> After careful review of the record, the Court concludes that Alfred has sufficiently stated a potential *Monell* claim and *should be permitted to engage in discovery on the issue of whether DA Duhe has a policy, practice, or custom of applying for material witness arrest warrants improperly* under the Louisiana Material Witness Statute. Consequently, Defendants' motion to dismiss this claim will be denied, as will Defendants' motion to dismiss Alfred's official capacity claim against DA Duhe for reputational damages.

[Doc. 52, pp. 20-21] (emphasis added). Defendant argues that the Court's Ruling forecloses the production of discovery outside the discrete category of Defendant's *applications* for material witness arrest warrants, while Plaintiff argues that she seeks relevant discovery relating to each of the elements of her *Monell* claims. The Magistrate Judge rejected the Defendant's argument, characterizing Defendant's interpretation as far too narrow.[3] The Court agrees.

---

[3] Specifically, the Magistrate Judge concluded:

> Plaintiff's subpoenas duces tecum seek information pertaining to her arrest as a material witness, information pertaining to other arrested material witnesses, and information pertaining to policies, etc. relating to material witness arrests. (Rec. Doc. 72-2, p. 14-15; 78-80). Defendant offers no specific argument as to any particular request he contends is irrelevant, and the Court appreciates none. Plaintiff's requests to non-parties are relevant in the discovery context, especially as broadly allowed for *Monell* claims.
>
> For the same reasons, the Court finds that Plaintiff's interrogatories and requests for production to Defendant are relevant. Requests seeking information pertaining to the facts surrounding her arrest and incarceration as a material witness are relevant to whether she suffered a constitutional

In order to prove a *Monell* claim, Plaintiff must prove: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010).[4] Alternatively, "a single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity." W*oodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005). Plaintiff argues that she seeks documents related to the elements of her *Monell* claim, including:

> … violations of [her] constitutional rights to be free from continuing seizure under the Fourth Amendment and prolonged detention without due process under the Fourteenth Amendment, the pattern and practice that was the moving force behind these violations, and Mr. Duhe's personal involvement in securing material witnesses.

[Doc. 79-3, p. 17]. These topics are clearly relevant to the Plaintiff's *Monell* claims and the elements she must prove. *See e.g., Lou v. Lopinto*, 2022 WL 1447554, at *9 (E.D. La. Mar. 24. 2022) (granting motion to compel in part and recognizing that, because a *Monell* plaintiff "must establish that the conduct that caused the

---

> violation, a necessary element in her *Monell* claim. Requests seeking information regarding the arrests of other material witnesses are also relevant to whether Defendant recognized a policy or custom of improperly arresting and jailing material witnesses. Requests seeking information regarding policies and procedures (written and unwritten) pertaining to material witnesses are relevant.

[Doc. 101, pp. 7-8].

[4]  *See also* Committee on Civil Pattern Jury Instructions, District Judges Association, Fifth Circuit, *Pattern Jury Instructions (Civil Cases): 10.5 Municipal Liability* (2020), at 98–99.

deprivation is part of a widespread policy or custom," "prior complaints against defendants are discoverable . . . so long as the[y] are similar to the constitutional violations alleged in the complaint"); *Capps v. Dixon*, 593 F. Supp. 3d 146, 150–52 (D.N.J. 2022) (granting motion to compel when requested discovery might have demonstrated "pattern" of unconstitutional behavior and "may [have] contain[ed] factual information and admissions concerning the circumstances of [Defendant's] arrest of Plaintiffs").

Considering the foregoing, the Court finds that the Magistrate Judge's conclusion as to relevancy is not clearly erroneous or contrary to law. Therefore, to the extent that the Defendant has withheld any discovery on grounds the requested discovery is not relevant, that objection is OVERRULED, and the discovery shall be produced **no later than November 14, 2025**.

### 3. Federal Law Enforcement Privilege

The Defendant invokes the federal law enforcement privilege in connection with the production of documents relating to two ongoing prosecutions in the 16th Judicial District: *State v. Bryson JohnLewis* and *State v. Travis Layn*.[5] In *In re U.S. Dep't of Homeland Sec.*, the Fifth Circuit "acknowledged the existence of a law enforcement privilege" in documents generated by law enforcement agencies, which protects investigative files in an ongoing criminal investigation. 459 F.3d 565, 569 (5th Cir. 2006*), citing Beckett v. Serpas*, 2012 WL 13001310, at *4 (E.D. La. Oct. 18,

---

[5] The Court finds the Magistrate Judge correctly found that the Louisiana public records privilege for pending criminal litigation does not apply in cases arising under federal law and in cases which raise both federal and state law claims, and therefore, does not apply here. *See, e.g.*, *Snearl v. City of Port Allen*, 2025 WL 1180717, at *5 (M.D. La. Apr. 23, 2025).

2012). *See also Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (federal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation). Federal courts "overwhelmingly treat this privilege as a qualified one, which is subject to a balancing process that may lead to court-ordered disclosure of privileged materials, and which may be subject to waiver by the privilege holder…" *Beckett*, 2012 WL 13001310, at *4.

In *U.S. Dep't of Homeland Sec.*, the Fifth Circuit explained that when determining whether the privilege applies, the district court should review the relevant documents *in camera* to evaluate whether the law enforcement privilege applies to the documents at issue, which presupposes the submission of the documents in question as well as a privilege log. 459 F.3d at 570. In making its determination, the court must balance "the government's interest in confidentiality against the litigant's need for the documents" and apply the factors set forth in *Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D. Pa. Mar.13, 1973) (unpublished) (developing the factors).

Finally, Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that a party claiming privilege or attorney work product must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that ... will enable, other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). In *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, the Fifth Circuit explained that a privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to

test the merits of the privilege claim. 876 F.3d 690, 697 (5th Cir. 2017), *citing United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); NLRB v. *Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document ... set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.' ")

In her Ruling, the Magistrate Judge applied the *Frankenhauser* factors and determined that the documents pertaining to the *JohnLewis* and *Layne* trials are discoverable, subject to the protective order already in place in this case [Doc. 77], concluding that those cases are beyond the investigation stage. The Magistrate Judge further concluded that the Defendant failed to present any argument as to any particular *Frankenhauser* factor and failed to show how disclosure of documents to the Plaintiff would discourage citizens from providing information, place any confidential informant at risk, or otherwise compromise the criminal process.[6] Upon review of the record, this Court concludes that the Magistrate Judge's findings are neither clearly erroneous nor contrary to law.

Considering the foregoing, it is ORDERED that, to the extent Defendant withholds any documents on grounds they are protected by the Louisiana public records privilege, such objection is OVERRULED. IT IS FURTHER ORDERED that, to the extent the Defendant withholds any documents on grounds the documents are

---

[6] With respect to any criminal matter that is currently under investigation, the Magistrate Judge welcomed specific requests for guidance but also reminded counsel to consider the terms and effectiveness of their protective order prior to seeking guidance. [Doc. 101, p. 12].

protected by the federal law enforcement privilege, the Defendant shall produce to opposing counsel and this Court a privilege log specifically identifying the documents withheld on the basis of privilege **on or before November 14, 2025**. With respect to each document withheld, Defendant shall identify: (1) the date the document was created; (2) the author of the document; (3) all recipients of the document, along with their capacities; (4) the document's subject matter; (5) the purpose for the production of the document; and (6) a specific explanation of why the document is privileged or immune from discovery. It is expected that the Magistrate Judge will conduct an in-camera inspection of any documents produced for inspection and make particularized rulings with respect to the application of the privilege.

## CONCLUSION

Considering the foregoing, the Court concludes that the Magistrate Judge's July 31, 2025, Memorandum Ruling [Doc. 101] is not clearly erroneous or contrary to law, and, consequently, the findings made therein are AFFIRMED, all objections lodged by the Defendant are OVERRULED, and Defendant's Appeal is DENIED AND DISMISSED.

IT IS FURTHER ORDERED that the administrative stay entered on September 2, 2025, is hereby LIFTED, and the Defendant shall respond to any outstanding discovery requests in accord with the directives contained in this Ruling.

IT IS FURTHER ORDERED that the Defendant's Motion to Strike Proposed Order [Doc. 128] is DENIED AS MOOT.

IT IS FURTHER ORDERD that the Clerk of Court shall send a copy of this Order to the Magistrate Judge.

THUS, DONE AND SIGNED in Chambers on this 16th day of October 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE